# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Randall J. May,<br><br>        Plaintiff,<br><br>v.<br><br>Delta Air Lines,<br><br>        Defendant. | Case No.: 1:21-cv-00710 (ADM/ECW)<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Delta Air Lines, Inc. through its undersigned attorneys, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff Randall J. May's Complaint, denying each and every thing, fact, matter, and allegation contained in the Complaint (including any headings) except as is specifically qualified, admitted, or otherwise explained below, and further responds as follows:

## I. PARTIES[1]

1. Upon information and belief, Defendant admits the allegations in Paragraph 1 of the Complaint regarding Plaintiff's residency.

2. Defendant admits the allegations in Paragraph 2 of the Complaint regarding Defendant's address, except states its understanding and belief that Plaintiff listed "Attorney Andrea Bowman" here only as a c/o and that Ms. Bowman is not intended to be a party.[2]

---

[1] Defendant's Answer is formatted to correspond to the format of Plaintiff's Complaint.
[2] Additionally, Defendant Delta Air Lines, Inc. is incorrectly identified as "Delta Air Lines."

## II. JURISDICTION

3. The allegations in Paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring an employment discrimination action under the Americans with Disabilities Act of 1990, as amended, but denies any allegations of liability.

4. Defendant denies the allegations in Paragraph 4 of the Complaint, except states only that the address listed in Paragraph 4 of the Complaint was Plaintiff's place of employment with Defendant. Defendant denies all remaining allegations.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

## III. ADMINISTRATIVE PROCEDURES

6. Defendant admits only that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), but Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint regarding when it was filed by Plaintiff. Defendant denies all remaining allegations.

7. Upon information and belief, Defendant admits only that the EEOC issued a Notice of Right to Sue letter to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint, except states that the EEOC's notice is a written document, Defendant refers the Court to the contents thereof, and Defendant denies any allegations not consistent with the complete writing.

## IV. NATURE OF THE CASE

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint. Further answering, Defendant responds to the allegations listed in subparts following Paragraph 10 as follows:

10.1. Defendant denies the allegations in Paragraph 10.1 of the Complaint, except states that in or around June of 2018, Plaintiff completed an Accommodation Request Form, after which Defendant engaged Plaintiff in an interactive process which included meeting with Plaintiff on July 2, 2018 to discuss what, if any, reasonable accommodations could potentially be made to accommodate Plaintiff's medical restrictions. Defendant denies all remaining allegations.

10.2. Defendant denies the allegations in Paragraph 10.2 of the Complaint, except states that in connection with a meeting held on July 2, 2018, to discuss Plaintiff's accommodation request, Plaintiff, in response to being asked how he was doing, made a comment to the effect that he hadn't "blown anyone up yet."

10.3. Defendant denies the allegations in Paragraph 10.3 of the Complaint, except states that Defendant collected Plaintiff's badge following the July 2, 2018, meeting.

10.4. Defendant denies the allegations in Paragraph 10.4 of the Complaint, except states that the letter is a written document, Defendant refers the Court to the contents thereof, and Defendant denies any allegations not consistent with the complete writing. Defendant denies all remaining allegations.

## V. REQUEST FOR RELIEF

Defendant denies the allegations raised in the "REQUEST FOR RELIEF" section of the Complaint and further denies Plaintiff's entitlement to any of the alleged relief sought.

## VI. DOCUMENTS INCLUDED[3]

11. Defendant denies the allegations raised in ECF 1-1, "Exhibit (A)" of the Complaint, except states that the attached "Delta Job Accommodation Program" and "Accommodation Request Form" are written documents, Defendant refers the Court to the contents thereof, and Defendant denies any allegations not consistent with the complete writings. Defendant denies all remaining allegations.

12. Defendant denies the allegations raised in ECF 1-1, "Exhibit (B)" of the Complaint, except states that the attached letter is a written document, Defendant refers the Court to the contents thereof, and Defendant denies any allegations not consistent with the complete writing. Defendant denies all remaining allegations.

13. Defendant denies the allegations raised in ECF 1-1, "Exhibit (C)" of the Complaint.

14. Defendant denies the allegations raised in ECF 1-1, "Exhibit (D)" of the Complaint.

---

[3] Responding to Plaintiff's statements made in the "Documents Included" page (ECF 1-1). Further responding, upon information and belief, it appears Plaintiff has made handwritten comments on several of the attached exhibits and Defendant lacks sufficient knowledge or information to admit or deny the allegations contained therein, and therefore denies the same.

15. Defendant denies the allegations raised in ECF 1-1, "Exhibit (E)" of the Complaint, except states that the position statement is a written document, Defendant refers the Court to the contents thereof, and Defendant denies any allegations not consistent with the complete writing. Defendant denies all remaining allegations.

16. Defendant denies the allegations raised in ECF 1-1, "Exhibit (F)" of the Complaint.

17. Defendant denies the allegations raised in ECF 1-1, "Exhibit (G)" of the Complaint.

## VII. AFFIRMATIVE AND OTHER DEFENSES

Further answering, Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to exhaust any administrative prerequisites or other procedural conditions to the commencement of an action.

3. To the extent Plaintiff's claims raise matters occurring more than 300 days prior to the date on which Plaintiff allegedly filed a charge with the Equal Employment

Opportunity Commission and/or corresponding state agency, the Court lacks jurisdiction with respect to any such matters.

4. To the extent Plaintiff's claims raise matters that are not reasonably within the scope of any charge Plaintiff allegedly filed with the Equal Employment Opportunity Commission and/or corresponding state agency, the Court lacks jurisdiction with respect to any such matters.

5. The Complaint, and each of its causes of action, is barred in whole or in part because Defendant had an honest, good-faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

6. Plaintiff has failed to mitigate or make reasonable efforts to mitigate his alleged damages, and Plaintiff's recovery of damages, if any, must be barred or reduced accordingly. Any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, and other earnings or remunerations, profits and benefits, regardless of form, received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff. Further, Plaintiff has received benefits that offset any alleged wage loss.

7. Plaintiff's claimed damages, if any, were caused by his own conduct or by the conduct of other persons or entities over whom/which Defendant had no control and for whose conduct Defendant is not liable.

8. Plaintiff's Complaint fails, in whole or in part, because Defendant acted in good faith, upon proper occasion and with proper motive. Defendant's conduct with respect

to Plaintiff was based on legitimate, non-retaliatory reasons, and was not in violation of the Americans with Disability Act or any other statute, law, rule, regulation, or ordinance. No action taken by Defendant with respect to Plaintiff was unlawful and/or willful as a matter of law.

9. The purported adverse employment action occurred based on legitimate, non-discriminatory, and non-retaliatory reasons entirely unrelated to Plaintiff's purported disability.

10. The practices or decisions challenged in the Complaint were based upon bona fide occupational qualifications reasonably necessary to the normal operation of Defendant's business.

11. Plaintiff's claims are barred because any accommodation Plaintiff requested was unreasonable and/or would have constituted an undue hardship.

12. Some or all of Plaintiff's claims are barred because Defendant fully met its obligations to engage in an interactive process to explore a reasonable accommodation for Plaintiff, but Plaintiff did not identify or request any feasible accommodation, there was no accommodation that would be reasonable under the circumstances, and/or any potential accommodation would impose an undue hardship.

13. Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory negligence and comparative fault.

14. The extent to which the Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by the Rules of Civil Procedure, cannot be determined at this time without the benefit of additional discovery.

Thus, as separate and affirmative defenses to the Complaint, Defendant reserves its right to assert all affirmative and other defenses as appropriate.

**WHEREFORE**, Defendant respectfully requests the following relief.

a) That the Court dismiss the Complaint with prejudice, in its entirety;

b) That the Court deny Plaintiff the relief prayed for in the Complaint; and

c) That the Court award Defendant its costs, disbursements, and such further relief as the Court deems just and equitable.

Dated: May 28, 2021 /s/Ben D. Kappelman
Ben D. Kappelman (#0395122)
Brian Moen (#0400183)
**DORSEY & WHITNEY LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868
kappelman.ben@dorsey.com
moen.brian@dorsey.com

*Attorneys for Defendant Delta Air Lines, Inc.*