RECEIVED JUN 14 2021 CLERK, U.S. DISTRICT COURT ST. PAUL, MINNESOTA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| Randall J. May | Case No.: 1:21-cv-00710 (ADM/ECW) |
|---|---|
| Plaintiff, | |
| V. | PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES |
| Delta Air Lines, | |
| Defendant. | |

I, Plaintiff Randall Joseph May, hereby respond to Defendant Delta Air Lines' "Answer and Affirmative Defenses to Plaintiff's Complaint." Defendant Delta Air Lines discriminated against the Plaintiff based on his disability in retaliation for participating in protected activity in violation of Title I & V of the Americans with Disabilities Act of 1990, as amended. Title I of the Americans with Disabilities Act of 1990 requires an employer to provide reasonable accommodation to qualified individuals with disabilities who are employees or applicants for employment, unless to do so would cause undue hardship. "Modified work schedules" is included in the list of Reasonable Accommodations which was the request made by Plaintiff Randall J. May. Defendant Delta Air Lines did not Accommodate the Plaintiff which is in violation of the federal laws stated above. Furthermore, Defendant proceeded to further discriminate against Plaintiff as they subjected him to harassment, intimidation, and forced him from the premises of his workplace after stripping him of his credentials on July 2nd, 2018.

SCANNED JUN 14 2021 U.S. DISTRICT COURT ST. PAUL

# RESPONSES TO DEFENDANT'S REPLIES TO PLAINTIFF'S COMPLAINT

## I. PARTIES

1.  Plaintiff's address has changed which he has informed Defendant's attorneys of via email and notified the Clerk's office.

2.  Defendant was correct in assuming Plaintiff only meant to list Andrea Bowman as a contact/legal counsel of Defendant.

## II. JURISDICTION

3.  Defendant was correct in their assumption that the Plaintiff is bringing suit against Defendant under the Americans with Disabilities Act of 1990, as amended.

4.  Paragraph four is simply the address and location of where Plaintiff Randall J. May was employed by Defendant Delta Air Lines.

5.  Plaintiff has provided a wealth of evidence to support allegations and factually show Defendant discriminated against Plaintiff on July 2nd, 2018.

## III. ADMINISTRATIVE PROCEDURES

6.  Defendant was formally sent the Equal Employment Opportunity Commission's (EEOC) Charge of Discrimination filed by Plaintiff. The EEOC is a United States Government Federal Agency and the Defendant's denial of filing date 10/4/2018 would be denying the United States

authority and provision of a factual/legal document provided to the Defendant by the United States of America.

7. Plaintiff Randall J. May clearly received a "Right to Sue" letter from the EEOC and included it in the Complaint.

## IV. NATURE OF THE CASE

8. Defendant's denial of "8d. Failure to accommodate my disability" is simply a denial of reality and factuality from the events occurring July 2nd, 2018 and the 16 days that followed. Defendant was provided with all necessary documentation showing Plaintiff was a qualified individual with a disability and the Defendant denied Reasonable Accommodation of Modified Work Schedule. Defendant's denial of "8g. Harassment" is also a departure from reality when the Plaintiff was subjected to questioning/interrogation by Delta Air Lines Corporate Security Officer Anthony Spencer. Spencer interrogated Plaintiff about his life's history, mental health, and said "You need to have your meds checked." This statement, in addition to the Plaintiff having his employee identification, security badge, and parking permit stripped from him proves harassment.

9. Defendant engaged in Discrimination based on Disability against Plaintiff.

10.1 Defendant did not provide Reasonable Accommodation to Plaintiff after Defendant was provided all required documentation proving Plaintiff was Disabled.

10.2 On July 2nd, 2018 Defendant did not provide Reasonable Accommodation to Plaintiff. Under the direction of Delta Air Lines General Manager (GM) Kelly Patton, Plaintiff Randall J. May would be placed on "Unpaid Disability Leave" for a 12 month period. When Plaintiff stated that federal law was being violated to GM Kelly Patton, it was then that GM Patton invented the

"threat" supposedly made by the Plaintiff of he hadn't "blown anyone up yet." This "threat" is being used by the Defendant in an attempt to distract from the Discrimination the Defendant subjected the Plaintiff to. Defendant is using this made-up and fabricated "threat" to try and justify their interrogation, harassment, and further Discrimination the Defendant subjected the Plaintiff to. It was Defendant's own Corporate Security Officer Anthony Spencer that stated that "this was obviously just a misheard and misconstrued" statement by GM Patton. Defendant understood there was never a threatening statement made and concluded this on July 2nd, 2018 yet the Defendant continues to state this perversion of the truth both in the response to the United States Equal Employment Opportunity Commission and in this "Defendant's Answer and Affirmative Defense" in a United States District Court.

10.3    Defendant stripped Plaintiff of his Delta Air Lines Employee ID, Secure Identification Display Area (SIDA) Badge, and his parking permit on July 2nd, 2018 thereby forcing him off airport and Delta owned premises; these are undeniable facts.

10.4    Plaintiff has provided the packaging/envelope that clearly shows the date that the letter in question was sent. Plaintiff has provided the letter inside this envelope that was backdated 7/30/2018 even though it was not sent in any way to the Plaintiff until 10/9/2018.

## V.    REQUEST FOR RELIEF REPLY

A judge and jury should decide the appropriate amount of relief for the damages done by the Defendant to the Plaintiff. It is the Plaintiff's belief that the amount requested is wholly appropriate and accurate for the Discrimination he was subjected to by the Defendant. The damages and losses incurred by the Plaintiff due to the Discrimination by the Defendant are far greater than the simple relief request of $2,600,000.

# RESPONSES TO DEFENDANT'S REPLIES CONT'D

## VI. DOCUMENTS INCLUDED

11. Defendant is denying their own documentation as "Exhibit A" is simply that.

12. Defendant is denying a piece of factual evidence. This document was provided by Defendant's own Leave and Disability Administrator: Sedgwick.

13. "Exhibit C" is simply the Plaintiff's printing of the email exchanges with employees of Defendant Delta Air Lines.

14. "Exhibit D" is simply the packaging, letter, and envelope sent by Defendant to Plaintiff.

15. "Exhibit E" is the provision of both the Plaintiff's and Defendant's written statements to the EEOC that were in response and regards to the Charge of Discrimination filed by the Plaintiff against the Defendant on October 4th, 2018.

16. "Exhibit F" is a typed statement from a Delta Air Lines employee providing another perspective to the character of GM Kelly Patton. The employee wrote "I was conflicted because I wanted to be happy and it felt like Kelly wanted to take my happiness away from me. She continued with intimidating me…" This typed statement is another account of how GM Kelly Patton treated her coworkers and subordinates.

17. "Exhibit G" is Defendant's own company documentation. It is a document that was used for the Ramp Agents at Minneapolis-St. Paul International Airport (MSP) to bid the next 4-6 months of their work schedule. It clearly shows 3-day work shifts. This is what was requested as an Accommodation for Plaintiff Randall J. May's documented Disability. The Plaintiff was an

un-benefitted part-time employee. Defendant Delta Air Lines should have followed the Americans with Disabilities Act of 1990, as amended, and accommodated a simple 3-day work schedule request by the Plaintiff as recommended by his medical doctor. This "Exhibit" shows that that type of schedule exists at MSP for part-time Ramp Agents and that it would clearly not be an unnecessary burden for Defendant to have accommodated the Plaintiff with.

## VII. REPLY TO DEFENDANT'S "AFFIRMATIVE AND OTHER DEFENSES"

Defendant Delta Air Lines' asserts, through its undersigned attorneys, that the Plaintiff's claims "...are so vague..." This statement is inaccurate because the Plaintiff's claims are simple:

-Plaintiff Randall J. May requested Reasonable Accommodation for his Qualifying Disability.

-Plaintiff provided all medical documentation necessary.

-Plaintiff's medical doctor wrote a Restriction of "3 DAYS/WEEK" as a medical necessity.

-Defendant could have easily made this Reasonable Accommodation with no undue hardship of 3 day work weeks.

-Defendant chose to instead violate federal law and Discriminate against the Plaintiff by not making this Reasonable Accommodation, accusing him of making a threat, interrogating him, stripping him of his credentials and forcing him off the premises of his workplace and the grounds of Minneapolis-St. Paul International Airport.

1. Plaintiff clearly stated his claim of how Defendant Discriminated against him in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et. Seq., for employment discrimination on the basis of disability.

2. Plaintiff went through every procedure the proper way both while working for the Defendant and through all appropriate legal channels during the process of seeking justice for the Defendant's acts of injustice.

3. Defendant's statement under numerical heading (3) in this section of their "Answer" and eventual request for dismissal shows the misunderstanding of the case by Defendant's legal team. The primary incident of Discrimination occurred 7/2/2018 and the Plaintiff filed his Charge of Discrimination with the EEOC on 10/4/2018 about that incident. That would be a length of 94 days between the Discrimination by Defendant and the Plaintiff filing his Charge of Discrimination. Defendant states that this is "...more than 300 days..." which is false.
4. The United States District Court for the District of Minnesota most certainly has jurisdiction over this matter and is why the Plaintiff was provided with a "Right to Sue" letter by a federal agency specifically for this Court.
5. The decisions made by Defendant were not all in "good-faith" as the evidence clearly shows. Defendant repeatedly has pointed out the "threat" their GM Kelly Patton supposedly heard July 2nd, 2018 even though that same day Defendant's own Corporate Security Officer Anthony Spencer deemed it a non-issue clearly stating it was a "misheard or misconstrued statement" by GM Kelly Patton. Yet, Defendant Delta Air Lines has brought this up both in their response to the EEOC in November 2018 and again in their response to Plaintiff's complaint on May 28th, 2021. If that supposed "threat" had been credible at all they would have had to report it to the MSP Airport Police. The Defendant did not report the "threat" they accuse the Plaintiff of making to the MSP Airport Police clearly showing that it was not a threat at all. Discrimination occurred when Defendant forced Plaintiff Randall J. May into Unpaid Disability Leave for a year instead of providing Reasonable Accommodation per federal law. Furthermore, they sent a fraudulently backdated letter to the Plaintiff on October 9th, 2018 and dated

the letter July 30th, 2018. A backdated letter is not a decision "…solely for legitimate, business-related reasons…" and would be the exact opposite of a legitimate business decision.

6. The Pain and Suffering and Punitive damages endured by the Plaintiff due to the Defendant's illegal Discrimination more than justify the Plaintiff's amount requested for relief.

7. Plaintiff's damages were caused by the Defendant's disregard for the law and the overt Disability Discrimination the Plaintiff faced on July 2nd, 2018.

8. Plaintiff clearly is showing with evidence how Defendant violated federal law and it is the Plaintiff's beliefs that a Judge and/or Jury would come to the same conclusion.

9. The Defendant responded to a Disabled employee requesting Reasonable Accommodation with a year of unpaid disability leave, an accusation of making a threatening statement, an interrogation, stripping of the employee's credentials and forcing the Plaintiff off property. This is in no way a "…legitimate, non-discriminatory, and non-retaliatory…" response as the Defendant's legal team claims.

10. It is claimed by the Defense that the Defendant made decisions "…necessary to the normal operation of business." Plaintiff does not deny this statement as it is his belief that Defendant normally operates with little-to-no regard of the Americans with Disabilities Act of 1990, as amended.

11. Defendant claims that Plaintiff's request for Accommodation would have caused "undue hardship" when it clearly would not have. Plaintiff was originally not even scheduled to be working the summer of 2018, so his Disability Accommodation request of having two

days removed from his 5-day work schedule would have in no way, shape or form caused an undue hardship to the Defendant.

12. Plaintiff clearly identified the Reasonable Accommodation of "Schedule Modification" to Defendant which the Defendant denied and instead placed Plaintiff on a 12-month Unpaid Disability Leave.

13. Defendant claiming contributory negligence on the part of the Plaintiff is a falsehood as the Plaintiff followed all of the Defendant's company rules, practices and protocols to have his Disability Safely Accommodated. Instead of Accommodation, Plaintiff was discriminated against by the Defendant. Comparative fault does not apply as the Plaintiff acted in a completely lawful manner and was illegally discriminated against by Defendant. Defendant is 100% at fault for the damages suffered by the Plaintiff.

14. Plaintiff wishes to move onto the Discovery phase of this Complaint as there was a federal law violated.

## CONCLUSION

Plaintiff has provided sufficient facts and evidence to allow a court, drawing on "judicial experience and common sense", to infer that Defendant Delta Air Lines' discriminated against Plaintiff Randall J. May. Plaintiff's claims should therefore survive;

    a) Defendant's request for dismissal;

    b) Defendant's request for denial of relief to Plaintiff; and

    c) That the Court deny Defendant's request to be awarded costs and disbursements.

**WHEREFORE**, Plaintiff respectfully requests that this Court continue on to the next step of Discovery; so that further evidence may be obtained through interrogatories, requests for production of documents, requests for admissions and depositions.

Dated: June 14, 2021

_____

Randall Joseph May

11 6th Ave North, apartment 204

Saint Cloud, Minnesota 56303

RMAYOF1@gmail.com

(763) 316-7946