# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Randall J. May<br><br>Plaintiff,<br><br>V.<br><br>Delta Air Lines,<br><br>Defendant. | Case No.: 1:21-cv-00710 (ADM/ECW)<br><br>**PLAINTIFF'S INTERROGATORIES**<br><br>**TO DEFENDANT PHASE 1** |

**TO: DEFENDANT DELTA AIR LINES AND DEFENDANT'S UNDERSIGNED ATTORNEY'S BRIAN MOEN AND BEN KAPPELMAN AT:**

**DORSEY AND WHITNEY LLP**

**50 SOUTH SIXTH STREET, SUITE 1500**

**MINNEAPOLIS, MN 55402**

Plaintiff Randall J. May requests answers, under oath, to his interrogatories within thirty (30) days after receipt of this service.

## I. DEFINITIONS

The following definitions apply in answering these Interrogatories: 1. "Them," "They," "Defendant" and "Delta" mean the above-named Defendant Delta Air Lines, to whom these Interrogatories are directed, and any present or former agents, attorneys, representatives, employees, successors or assigns, or any other person acting, or purporting to act, with, for, or on behalf of Defendant Delta Air Lines. 2. "Plaintiff," "I," "Me," "Randall J. May," means Randall Joseph May 3. "Person" or "Persons" means any individual, firm, partnership, incorporated or

**SCANNED**

JUL 27 2021
WS
U.S. DISTRICT COURT ST. PAUL

unincorporated association, and any other legal or commercial entity. 4. "Communication" or "Communicated" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and includes, but is not limited to, the communications to Delta Air Lines employees or from Delta Air Lines employees. "Communication" means all words, whether written or spoken, which are exchanged between Persons for the purpose of conveying meaning which is relevant to the subject of the Interrogatory wherein the word appears. 5. "Document" means the original and any copy of any written, printed, typed, recorded, computer generated or graphic matter, or any other instrument or device that contains any information or from which any information can be derived or retrieved. A draft or non-identical copy is a separate document within the meaning of this term. All cover sheets, transmittal letters of any type, or enclosures or attachments are also considered to be separate documents within the meaning of this term. "Document" specifically means any written, printed, typed or other graphic matter of any kind or nature, all computer materials, processes, data and compilations thereof from which information can be obtained, including, but not limited to, papers, letters, correspondence, emails, telegrams, inter-office communications, memoranda, notes, notations, notebooks, reports, records, minutes of meetings, schedules, tables, charts, transcripts, publications, scrapbooks, diaries, and any drafts, revisions or amendments of the above, in the possession or within the control of the Defendant, their attorneys or agents, or known by Defendant to exist, including materials deemed to be subject to any evidentiary privilege. 6. "Location" means a physical place in such detail as to satisfy the requirements. 7. "Date" means the exact day, month and year, if ascertainable, or, if not, the best available approximation, including relationship to other events. 3 8. "Meeting" means any coincidence of presence of Persons, whether such coincidence of presence was by change or prearranged, formal, or informal, or in connection with some other activity. 9.

"Identify" or "Identity" or "Identification," when used in reference to an individual Person, means to state the Person's: (1) full name; (2) present or last known address; (3) present or known position and title; and (4) position and title as it relates to the subject of the Interrogatory being answered. 10. "Identify" or "Identity" or "Identification," when used in reference to a firm, partnership, incorporated or unincorporated association, or another legal or commercial entity; means to state: (1) its name; (2) its nature, e.g., firm, partnership, profit-making corporation, fraternal association, etc.; (3) its present or last known address; (4) if incorporated, licensed, or otherwise registered as required by law, the place of incorporation, licensing or other registrations, e.g., city, state, province, etc.; and (5) its present or last known principal place of business. 11. "Identify" or "Identity" or "Identification," when used in reference to a Document means to state: (1) a description of the Document, e.g., letter, diary, printout, memo, etc.; (2) its title or caption; (3) the Date thereon; (4) its general subject matter; (5) the author's identity; (6) the addressee's identity; (7) the identities of all Persons who received or acquired a copy of the Document; (8) its present Location; (9) its custodian's identity; (10) if the Document was, but is no longer, in the possession, custody or control of the responding party, what disposition was made of it; and (11) its length or size. 4 12. "Describe" or "Description," when used in reference to a Communication, means to state: (1) the method of Communication, e.g., verbal, face-to-face discussion, telephone, letter, facsimile, e-mail, etc.; (2) the title or caption; (3) the Date of the Communication; (4) the subject matter or content of the Communication; (5) the Identity of the Persons Communicating; (6) the Identity of all other Persons who participated in, heard, knew of, or knew the substance of, or were otherwise connected with the Communication in the nature of their role; and (7) the Identity of any Document embodying, evidencing, or relating to the Communication. 13. "Describe" or "Description," when used in reference to a Meeting, means to

state: (1) the Date of the Meeting; (2) the Location of the Meeting; (3) an Identification of the Persons present; (4) a description of the Meeting that took place; and (5) the Identity of any Documents embodying, evidencing, or relating to the Meeting. 14. "Conduct" means all conduct of any nature whatsoever, including, but not limited to, oral Communications, non-oral or non-verbal Communications, written Communications, and/or gestures of any nature whatsoever. 15. "Concerning" means relating to, referring to, describing, evidencing or constituting. 16. "All" and "each" shall both be construed as all and each. 17. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside their scope. 5 18. The use of the singular form of any word includes the plural, the masculine and the feminine, as appropriate in the context.

## II. INSTRUCTIONS

The following instructions apply in answering these Interrogatories: 1. INTERROGATORIES CONTINUING. These Interrogatories and the Document Requests served herewith are continuing in nature so as to require Defendant Delta Air Lines to file prompt supplementary and amended answers and/or responses if they have obtained further or different information relative to any of the Interrogatories and/or Document Requests prior to the trial herein. Failure to promptly supplement Their answers and responses to the following Interrogatories and Document Requests may result in Plaintiff asking the Court to strike any such information or Documents from being introduced as evidence at any motion, hearing or trial in this action. 2. PRIVILEGED OR PROPRIETARY MATTER. If it is claimed that any answer to any Interrogatory or Document that otherwise would be subject to production is privileged, work product, or otherwise protected from disclosure, and such privilege or work product is asserted,

Identify such information by its subject matter and state with particularity the facts and grounds constituting the nature and basis for any such claim of privilege, work product, or other ground for non-disclosure. 3. Any part of an answer to which you do not claim privilege or work product shall be given in full. In the case of any Document being withheld under a claim of privilege, the privileged Document shall be included in a privilege log that is to be prepared and produced in lieu of disclosing the privileged Documents. The privilege log must state, 6 as applicable, the Date of the Document, Document type or file extension (e.g., memorandum, email, .docx, etc.), the name of its author or creator, the name(s) of its recipient(s), and the stated privilege or privileges for each Document withheld (generally, attorney-client privilege or work product privilege). 4. If it is claimed that any Interrogatory calls for disclosure of proprietary data, Defendant is prepared to receive the answer to such Interrogatories pursuant to an appropriate order with respect to confidentiality. 5. PLEASE TAKE NOTICE THAT OBJECTION WILL BE MADE AT THE TIME OF TRIAL TO ANY ATTEMPT TO INTRODUCE EVIDENCE WHICH IS SOUGHT BY THESE INTERROGATORIES AS TO WHICH NO DISCLOSURE HAS BEEN MADE.

## INTERROGATORIES

**INTERROGATORY 1:** Identify all Persons known to Defendant Delta Air Lines, their attorneys, associates, investigators, and/or agents (whether such Persons became known in the course of investigation, preparation for trial, or otherwise) with any knowledge or information relating to the subject matter of this case. This includes knowledge relating to any claim or allegation asserted in the Complaint, and/or relating to any defenses, including affirmative and other defenses, asserted in Plaintiff's Lawsuit. For each Person known or believed by Defendant

to have knowledge of any of the allegations or defenses in this action, separately Identify the facts or knowledge believed to be known by the Person; and all Documents that refer to, relate to, or reflect the knowledge of the Person.

**INTERROGATORY 2:** Set forth in detail each and every fact and Identify all Documents and witnesses that relate to any and all discipline, job coachings, warnings, and/or reprimands, whether formal or informal, complaints lodged against: KELLY PATTON/ANTHONY SPENCER/LEAH GAJRIA/LORI DEHN/TOBI BROBERG/ANNELISE SANDERS/ED BASTIAN have received during their employment with Defendant.

**INTERROGATORY 3:** Other than the present lawsuit, has Delta Air Lines ever been party to a civil, probate, or criminal lawsuit, arbitration, workers' compensation proceeding, unemployment compensation proceeding, labor grievance, or formal or informal administrative claim? If Defendant's answer to this Interrogatory is in the affirmative, provide information regarding each suit, claim, proceeding, or grievance, including but not limited to the following: where it was pending; the names and addresses of the parties; the time period of the lawsuit or claim; and the details of the ultimate disposition or resolution of the matter.

**INTERROGATORY 4:** Did or does Defendant Delta Air Lines and any of its employees maintain any written notes, records, e-mails, text messages, social networking or other website posts or comments, journal entries, or Documents of any nature regarding any conversation(s) with anyone concerning any matters potentially relevant to the subject matter of this case? If Defendant's answer to this Interrogatory is in the affirmative, describe all such documents and provide a copy of all such documents.

**INTERROGATORY 5:** Identify exactly why the decisions were made by Kelly Patton and Lori Dehn to Plaintiff's employment status during the Accommodation Process during 2018? Why did Kelly Patton decide upon 12 months of unpaid Disability leave for Plaintiff on July 2nd, 2018? Why was Plaintiff back on property working 18 days later upon review by Lori Dehn? Why did Kelly Patton have Plaintiff's employee identification badge and parking permit stripped from him before having him forced off property? Why did Kelly Patton accuse Plaintiff of making a terroristic style threat and then not report it to the Minneapolis-St. Paul International Airport Police?

**INTERROGATORY 6:** Identify why Defendant Delta Air Lines never addressed these matters of discrimination by Kelly Patton and Anthony Spencer with Plaintiff Randall J. May when he requested numerous times to do so? Why did Ed Bastian not respond when emailed directly from Plaintiff's Delta email account? Why was Kelly Patton never reprimanded for stripping an active employee of his employee identification badge and parking permit? Why was Anthony Spencer's comment of "I think you need to have your meds checked" not appropriately addressed by Delta Air Lines with their supposed "Zero tolerance" when it comes to 'Harassment and Bullying and Discrimination'? Why was Kelly Patton never reprimanded or terminated for engaging in Disability Discrimination?

**INTERROGATORY 7:** Explain Kelly Patton's entire employment history including promotions and placements? Detail why Kelly Patton was placed at Minneapolis-St. Paul International Airport for less than a year and returned to Atlanta? Provide all complaints, email exchanges, documentation, memos, that pertain to Kelly Patton's entire employment especially with total attention paid to the years of 2018 and 2019.

**INTERROGATORY 8:** Did Defendant Delta Air Lines treat the Minneapolis-St. Paul International Airport differently as it was the former headquarters of Northwest Airlines? Provide all documentation, emails, correspondence by any employee ever employed by Defendant as to how the operation of the Minneapolis-St. Paul International Airport hub operation for Delta Air Lines should be carried out.

**INTERROGATORY 9:** Provide any and all documentation, emails, telephone records, voicemails, text messages, videos, letters and knowledge of any employee of the Defendant Delta Air Lines about methods/tactics of restraining the ability of Defendant's employees to form a Labor Union. Was the Plaintiff identified as a potential pro-union employee by the Defendant?

**INTERROGATORY 10:** Provide all documentation, emails, telephone records, voicemails, text messages, photographs, media images, letters that include the mention of former employee of the Defendant and former spouse of the Plaitiff; Aubree Marie Rosemary Eid. Provide all explanation and reasoning to require IN-PATIENT TREATMENT to receive short-term paid disability leave for Aubree Eid?